IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

HARDEN MILLARD WALKER,

                Plaintiff

VS.

HILTON HALL, *et al.*,

                Defendants

NO. 5:06-CV-132 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983**
**BEFORE THE U. S. MAGISTRATE JUDGE**

# ORDER AND RECOMMENDATION

Before the court is the defendants' motion seeking summary judgment against the plaintiff in the above-styled case. Tab #64. The motion is supported by a brief (Tab #65), a number of attached exhibits, and a Statement of Undisputed Material Facts (Tab #66). Also in the record is the deposition of plaintiff HARDEN MILLARD WALKER taken on October 25, 2006.[1] Tab #68. The plaintiff has responded to the defendants' motion (Tab #70) and the defendants have replied. Tab #71.

Plaintiff Walker brings this claim as a result of an inmate's assaulting the plaintiff with a mop handle while they were both incarcerated at Macon State Prison (MSP). The plaintiff's claims against the various defendants are as follows:

Plaintiff avers that OFFICER LORETTA MITCHELL violated his Eighth Amendment right to be free of cruel and unusual punishment when she did not immediately call in an emergency when the assault became apparent to her and did not get the plaintiff to medical as quickly as she is required to do in order to avoid Eighth Amendment liability.

---

[1] On November 22, 2006, plaintiff Walker filed a motion to compel the defendants to provide him with a copy of this deposition. Tab #63. However, plaintiff was provided a copy when the defendants filed their motion for summary judgment (*see* defendants' CERTIFICATE OF NEED TO FILE DISCOVERY, Tab #67). Therefore, plaintiff's motion is **DENIED** as **MOOT**.
    Plaintiff has also filed a "motion" objecting to the manner in which the deposition was taken. Tab #59. Plaintiff's motion does not ask the court for any specific action and his objections seem to be baseless. Accordingly, the plaintiff's motion is **DENIED**.

Plaintiff claims that WARDEN HILTON HALL and LIEUTENANT EADDIE maintained an atmosphere wherein mop handles (and possibly other instruments that could be fashioned into weapons) were made readily available to inmates, thereby creating an unconstitutionally unsafe atmosphere at MSP.

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* **Warrior Tombigbee Transportation Co. v. M/V Nan Fung**, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See* **Van T. Junkins & Assoc. v. U.S. Industries, Inc.**, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. **Hairston v. The Gainesville Sun Publishing Co.**, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. **Welch v. Celotex Corp.**, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. ***Clark v. Coats & Clark, Inc***., 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. ***Anderson v. Liberty Lobby, Inc***., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

**FACTS**

An equipment cabinet containing cleaning supplies was left unlocked, and Inmate Darren Smith, an orderly assigned to clean the dorm building in which both he and the plaintiff were housed, attacked the plaintiff with a mop handle. Smith did not have a history of violence, and plaintiff Walker had no reason to fear him. *See* Deposition of Harden Millard Walker, October 25, 2006, pp. 11-13. Smith attacked the plaintiff from behind, hitting him in the head and breaking his jaw in two places. Plaintiff is also experiencing hearing problems as a result of the attack. Walker depo., p. 30. Defendant Mitchell saw the attack[3] but failed to call for assistance as required when an officer sees a fight and serious injury is apparent. Response #21 of Defendant Hall to Plaintiff's First Interrogatories, Tab #64-2.

Plaintiff Walker also alleges that defendant Mitchell prevented the plaintiff from going to medical for an unconstitutionally long period of time after he made her aware of his condition. Plaintiff claims that he waited up to *ten minutes* between being attacked and being given permission to go to medical. Walker depo., pp. 29-30.

---

[2]*See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

[3]Whether defendant Mitchell saw the attack is in dispute, but this fact, as all others, must be viewed in the light most favorable to the plaintiff.

## DISCUSSION
### Failure to Protect

Plaintiff Walker claims that the atmosphere and conditions at the prison allowed for inmates to have regular access to mop handles and other equipment which, the defendants admit, should be locked up when not in use. Plaintiff puts the fault for these general conditions on defendants WARDEN HILTON HALL and LIEUTENANT EADDIE. However, the plaintiff has failed to show any history of attacks at the prison in which the assaulting inmates used such weapons. The only allegation the plaintiff has made of any similar attack appears to be in his unsworn statement of facts filed along with his response to the defendants' motion for summary judgment. Tab #70-2 at ¶8.

Plaintiff admits that neither he nor any defendant should have been aware of any specific risk of harm to him by inmate Smith. He has failed to establish a pattern or trend of inmates' using mops or other instruments available in storage cabinets as weapons; he has not demonstrated a substantial risk of serious harm which is required in order to establish deliberate indifference. *See **Hale v. Tallapoosa County***, 50 F.3d 1579 (111th Cir. 1995). Moreover, even if the plaintiff had shown such a risk, he has not provided any evidence of a subjective appreciation of that harm on behalf of the defendants which must be shown in order to establish deliberate indifference. *Id.*

Since the plaintiff has failed to show a substantial risk of serious harm, IT IS RECOMMENDED that the defendants' motion for summary judgment be **GRANTED** as to all claims regarding the defendants' failure to protect the plaintiff.

**Delay in Medical Care**

The plaintiff's remaining claim is that defendant OFFICER MITCHELL violated his Eighth Amendment right to be free from cruel and unusual punishment when she did not permit the plaintiff to go directly to medical after the attack, instead delaying his departure up to ten minutes. Whether a delay in medical treatment rises to a constitutional violation depends on the nature of the medical need and the reason for the delay. ***Farrow v. West***, 320 F.3d 1235 (11th Cir. 2003).

In the instant case, the plaintiff has shown that he had a broken jaw and that his treatment was delayed for up to ten minutes. In the view of the undersigned, such a short delay does not rise to a constitutional violation. Indeed, plaintiff Walker has not cited, and the undersigned has not located, a single case in which a delay of under a few hours in treatment for a broken bone or injury of similar gravity has been found to be a constitutional violation.[4] Accordingly, even if the ten minute delay in treatment in this case were an Eighth Amendment violation, the defendants are entitled to qualified immunity because that law was not clearly established at the time of the attack in question.

IT IS THEREFORE RECOMMENDED that the defendants' Motion for Summary Judgment (Tab #64) be **GRANTED** with respect to all claims for failure to provide timely medical care.

- 5 -

---

[4] The only delay of less than a few hours that has been found to be actionable comes when officers waited fourteen minutes after becoming aware that an inmate had become unconscious and stopped breathing before calling for medical help. ***Bozeman v. Orum***, 422 F.3d 1265 (11th Cir. 2005). The injuries in the instant case were not immediately life threatening, and the plaintiff has failed to allege any damage that came as a result of his not being permitted to go to medical sooner.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to the RECOMMENDATIONS herein made by filing the same with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO ORDERED AND RECOMMENDED this 1st day of AUGUST, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE